RECORD NO.  14-4110

IN THE
# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

V.

PHILLIP MATTEW SIERPUTOWSKI,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

**BRIEF OF APPELLANT**

Todd Hagins
The Hagins Law Firm, LLC
701 Gervais Street, Suite 150-116
Columbia, SC 29201
803.200.1060
todd@haginslaw.com

Counsel for Appellant

# TABLE OF CONTENTS

**JURISDICTIONAL STATEMENT** ................................................................................**3**

**STATEMENT OF ISSUE PRESENTED FOR REVIEW** .................................................**3**

**STATEMENT OF THE CASE** ...................................................................................**4**

**STATEMENT OF THE FACTS** ..................................................................................**5**

**SUMMARY OF ARGUMENT** ....................................................................................**11**

**ARGUMENT** ...........................................................................................................**11**

    **THE DISTRICT COURT COMMITTED ERROR IN FAILING TO CONDUCT AN
INDIVIDUALIZED ASSESSMENT OF HIS CASE AS EVIDENCE THROUGH ITS FAILURE
TO SUFFICIENTLY EXPLAIN THE SELECTED SENTENCE IN LIGHT OF THE
ARGUMENTS MADE BY SIERPUTOWSKI UNDER 18 U.S.C. §3553** ........................................**11**

**CONCLUSION STATING PRECISE RELIEF SOUGHT** ................................................**19**

**REQUEST FOR ORAL ARGUMENT** ..........................................................................**19**

**CERTIFICATION OF COMPLANCE** ...........................................................................**20**

**CERTIFICATE OF SERVICE** .....................................................................................**21**

# TALBE OF CASES, STATUTES AND AUTHORITIES

<u>Cases</u>

<u>Gall v. United States</u>, 552 U.S. 38 (2007) ...................................................12, 13, 14

<u>Rita v. United States</u>, 551 U.S. 338 (2007)...........................................................14

<u>United States v. Carter</u>, 564 U.S. F3d. 325 (4th Cir. 2009) ........................13, 14, 20

<u>United States v. Evans</u>, 526 F.3d 155 (4th Cir. 2008) .............................................13

<u>United States v. Johnson</u>, 445 F.3d 339 (4th Cir. 2006) .........................................15

<u>United States v. Lynn</u>, 592 F.3d 572  (4th Cir. 2010)........................................13, 15

<u>United States v. Pauley</u>, 511 F.3d 468 (4th Cir. 2007) .....................................13, 15

<u>Statutes</u>

18 U.S.C. §922 ...................................................................................................5, 7

18 U.S.C. §3231 ...................................................................................................3

18 U.S.C. §3553.............................................10, 11, 12, 13, 14, 15, 16, 18

21 U.S.C. §841 ......................................................................................................5

28 U.S.C. §1291 ...................................................................................................3

28 U.S.C. §2255 ...................................................................................................8

## JURISDICTIONAL STATEMENT

The District Court's jurisdiction rests upon the allegation of a violation of federal criminal law pursuant to 18 U.S.C. §3231. The District Court entered a final judgment on January 24, 2014. {J.A. at 82} Sierputowski filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit on February 4, 2014. {J.A. at 87} This Court has appellate jurisdiction under 28 U.S.C. §1291.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

I.    WHETHER THE DISTRICT COURT COMMITTED PROCEDURAL ERROR BY NOT CONDUCTING AN INDIVIDUALIZED ASSESSMENT OF THE DEFENDANT AS EVIDENCED BY ITS FAILURE TO PROVIDE AN ADEQUATE EXPLAINATION FOR ITS SENTENCE.

## STATEMENT OF THE CASE

A federal grand jury in the District of South Carolina filed a two-count Indictment against Phillip Matthew Sierputowski ("Sierputowski") on April 9, 2013. {J.A. at 6-7} The Indictment alleged violations of federal narcotics and firearms statutes, in particular, substantive violations of Title 18, United States Code, 922(g)(1) (felon in possession) and Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute methamphetamine). {J.A. at 6-7}

A Superseding Indictment was filed against Sierputowski on June 11, 2013. {J.A. at 8-10} The Superseding Indictment added two additional counts centered upon violations of Title 18, United States Code, Section 922(g)(1). {J.A. at 9-10}

Sierputowski signed a plea agreement to Counts 1 and 4, both felon in possession statutes, of the Superseding Indictment on August 19, 2013, which was filed on that same date. {J.A. at 11-16} Sierputowski formally entered his plea of guilty before The Honorable Mary G. Lewis, United States District Court Judge on August 20, 2013. {J.A. at 3, 17-69}

The District Court held a sentencing hearing on January 22, 2014, wherein Sierputowski withdrew all previous objections to the Pre-Sentence Report. {J.A. at 3, 70-81} The District Court sentenced Sierputowski to the maximum sentence of 120 months as to Count 1 of the Superseding Indictment and to 15 months as to Count 2, with sentences to be served consecutively. {J.A. at 78-79}

The District Court filed a judgment on January 24, 2014. {J.A. at 82}

Sierputowski filed a notice of appeal with the United States Court of Appeals for

the Fourth Circuit on February 4, 2014. {J.A. at 87}

## STATEMENT OF THE FACTS

The facts underlying Sierputowski's conviction began on December 23,

2013. On that date law enforcement responded to Hawthorne Suites, a hotel

located in Greenville, South Carolina. {J.A. at 66} Law enforcement were called to

the scene by hotel employees who believed that Sierputowski was present in a

room at the hotel although he had previously been informed he was not allowed at

the hotel. {J.A. at 67}

When law enforcement arrived at the room they found Sierputowski who

gave them consent to search the room. Sierputowski subsequently revoked the

consent to search, whereupon law enforcement received a search warrant of the

premises. Upon continuing their search law enforcement found four firearms,

including one firearm reported as stolen from Pickens County. {J.A. at 67}

Law enforcement also found evidence of possession with intent to distribute

methamphetamine. This evidence consisted of digital scales, baggies, and

distribution quantities of the drug. {J.A. at 67}

Sierputowski was arrested on that day under state charges and subsequently was released on bond. {J.A. at 67}

On April 18, 2013, law enforcement responded to a request for service at the Hyatt Hotel in Greenville, South Carolina. Law enforcement encountered Sierputowski who was then arrested on state charges. {J.A. at 67}

While housed in the Greenville County Detention Center, Sierputowski made a number of telephone calls. During those calls Sierputowski revealed that he possessed a number of firearms, which were located in his bedroom at this mother's home. {J.A. at 67}

Law enforcement obtained a search warrant for the mother's home and found six firearms at the location as well as ammunition. {J.A. at 67-68}

A federal grand jury filed a two-count Indictment against Phillip Matthew Sierputowski ("Sierputowski") on April 9, 2013. {J.A. at 6-7} The Indictment alleged violations of federal narcotics and firearms statutes, each arising from Sierputowski's first arrest at the Hawthorne Suites in Greenville, South Carolina. {J.A. at 6-7}

A Superseding Indictment was filed against Sierputowski on June 11, 2013. {J.A. at 8-10} The Superseding Indictment added two additional counts centered upon violations of Title 18, United States Code, Section 922(g)(1). {J.A. at 9-10} These counts arose from Sierputowski's arrest from the Hyatt Hotel in Greenville,

South Carolina and the execution of a search warrant at his mother's home in which six firearms were found. {J.A. at 67-68}

Sierputowski signed a plea agreement to Counts 1 and 4, both felon in possession statutes, of the Superseding Indictment on August 19, 2013, which was filed on that same date. {J.A. at 11-16} The plea agreement was the standard plea agreement utilized by the United States Attorney's Office for the District of South Carolina. In the agreement Sierputowski agreed to waive his right to a direct appeal of his sentence or to file a motion under 28, United States Code, Section 2255, excepting for reasons of ineffective assistance of counsel and prosecutorial misconduct. {J.A. at 14-15} Further, the United States and Sierputowski entered into a stipulation that he was "not an armed career criminal subject to the enchances [sic] penalties." {J.A. at 14}

Sierputowski formally entered his plea of guilty before The Honorable Mary G. Lewis, United States District Court Judge on August 20, 2013. {J.A. at 3, 17-69} Retained counsel represented Sierputowski. {J.A. at 2}

At the change of plea hearing on August 20, 2013, the District Court went through its standard plea colloquy with Sierputowski. {J.A. at 17-69} At the change of plea hearing, the United States entered into the record that the parties further stipulated that the number of firearms possessed in the case was between 8 and 24 for Sentencing Guidelines purposes. {J.A. at 62-63}

Sierputowski indicated that he understood that he was forgoing certain rights held by him under the terms of the plea agreement, including the right to a direct appeal. {J.A. at 63}

After indicating his acceptance of the Government's summation of the facts as well as his understanding of the plea agreement and the non-binding effect of the stipulations, Sierputowski formally changed his plea to guilty. {J.A. at 61-69}

The District Court held a sentencing hearing on January 22, 2014. {J.A. at 3, 70-81} Although Sierputowski initially filed a number of objections to the Pre-Sentence Report ("PSR"), he withdrew those objections on the date of the sentencing hearing. {J.A. at 71}

After swearing in Sierputowski, the Court recognized the United States to make any remarks or recommendations in the case. The United States noted that "a guideline sentence in this case is appropriate . . . [and] that would be 108 months to the statutory maximum of 120 months." {J.A. at 72} While noting that Sierputowski had a "substantial criminal history" it was properly taken into account by the Guidelines. {J.A. at 72}

The Government's primary concern was that after initially being arrested on state gun and drug charges stemming from the Hawthorne Suites incident, while on bond, Sierputowski continued to have firearms resulting in the subsequent search

warrant. {J.A. at 72-73} The United States noted that those facts went to the nature

and consequences of the offense under the 3553 factors.

However, the United States also noted "there are some 3553(e) factors that .

. . would probably go in [Sierputowski's] favor." Namely:

> I don't think he's ever spent a substantial amount of time in prison
> before. He could benefit from many of the programs that would be
> offered. And from reading the presentence report, he has a very severe
> addiction, it appears, to illegal substances and I think that would give
> him necessary time and programs to maybe help him with that
> addiction problem.

{J.A. at 73}

The United States concluded by stating: "We think that the guideline

sentence would provide adequate deterrence and promote a sense of respect

for the law." {J.A. at 73}

Sierputowski's attorney agreed substantially with the United States,

noting that his client's primary reason for being before the court was his

addiction. {J.A. at 73-74} However, the attorney noted that Sierputowski

had previously successfully completed treatment options when they were

made available to him. {J.A. at 74}

Further, defense counsel noted that Sierputowski had never spent

significant time incarcerated. Instead, Sierputowski "had spent some time in

local facilities, pre-trial detention, [but] he's never been to the South

Carolina Department of Corrections or the Federal Bureau of Prisons for any

sentence." {J.A. at 75} Defense counsel also informed the Court that

Sierputowski had previously served probation without any violations. {J.A.

at 75}

Prior to pronouncing sentence the Court found that the statutory

maximum for both counts one and four of the Superceding Indictment were

10 years imprisonment and a supervised release for a period not to exceed

three years. {J.A. at 77} Additionally, the Court found:

> Under the guidelines, the total offense level is 30 and your criminal
> history is two. This means that the guidelines provide for a term of
> imprisonment for you of between 108 to 135 months for both counts
> one and four.

{J.A. at 77}

In passing judgment the Court noted:

> I've considered the factors set forth in Section 3553(a) to include
> those that have been referenced by both counsel, with particular
> attention given to the nature and circumstances of your offense,
> including your addiction, your substantial criminal history, but your
> lack of having to serve time of any consequence before. I've
> considered the need for the sentence imposed to reflect the seriousness
> of that offense, promote respect for the law, to provide punishment
> and to afford adequate deterrence. I've also considered your history
> and characteristics as outlined in the Presentence Investigation Report.
>
> Having calculated and considered the advisory sentencing guidelines
> and having also considered the sentencing factors contained in 18
> U.S.C. 3553(a), it is the judgment of the court that the defendant,
> Phillip Matthew Sierputowski, is hereby committed to the custody of
> the Bureau of Prisons to be imprisoned for a term of 135 months. This
> term consists of 120 months as to count one and 15 months as to court
> four, to be served consecutively.

{J.A. at 78}

The District Court filed its formal judgment on January 24, 2014. {J.A. at 82}

Sierputowski filed a notice of appeal with the United States Court of Appeals for

the Fourth Circuit on February 4, 2014. {J.A. at 87}

## SUMMARY OF ARGUMENT

The district court committed procedural error in sentencing Sierputowski at

the top of the Guidelines range where it failed to adequately conduct an

individualized assessment of his case as required by Gall v. United States, 552 U.S.

38, 51 (2007). The lack of an individualized assessment is evident in the district

court's failure to adequately explain the sentence in open court in light of the

arguments made by each party and in light of the requirements of 18 U.S.C. §3553.

## ARGUMENT

**THE DISTRICT COURT COMMITTED ERROR IN FAILING TO
CONDUCT AN INDIVIDUALIZED ASSESSMENT OF HIS CASE AS
EVIDENCE THROUGH ITS FAILURE TO SUFFICIENTLY EXPLAIN
THE SELECTED SENTENCE IN LIGHT OF THE ARGUMENTS MADE
BY SIERPUTOWSKI UNDER 18 U.S.C. §3553**

"Regardless of whether the sentence imposed is inside or outside the

[g]uidelines range, the appellate court must review the sentence under an abuse-of-

discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007); United States

v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Such a review consists of a two-step process, one focused upon procedural reasonableness, and the second upon substantive reasonableness. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

Sierputowski asserts that the district court committed procedural error by not providing an individualized assessment in his case by failing to sufficiently explain the selected sentence in light of the §3553 factors and arguments made by both parties.

An appellate court conducting a procedural review must determine whether the district court: 1) properly calculated the advisory guideline range; 2) considered the §3553(a) factors; 3) analyzed arguments presented by both parties; and 4) sufficiently explained the selected sentence. Gall, 552 U.S. at 51; United States v. Carter, 564 U.S. F3d. 325, 330 (4th Cir. 2009); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). In practical terms the last three areas of review are often combined and found deficient where the court fails to conduct an individualized assessment of the particular case before the court by failing to adequately explain the selected sentence in the context of the parties' arguments and the §3553 factors related to the particular defendant.

The Fourth Circuit has previously held that: "When rendering a sentence, the district court must make an *individualized* assessment based on the facts

presented." Carter, 564 F.3d at 328 (quoting Gall, 552 U.S. at 50) (internal quotations omitted) (emphasis in the original). To conform to this requirement a sentencing court must apply §3553 factors to the particular facts of the case and then pronounce in open court the particular reasons to support its sentence. Id. A mere recitation of §3553 factors is insufficient, but instead the district court must provide enough reasons to satisfy an appellate court that it has a reasoned basis for its decision and that it considered arguments by both parties. Id. at 330 ("[the] individualized assessment need not be elaborate or lengthy, ... it must provide a rationale tailored to the particular case ... and [be] adequate to permit meaningful appellate review.")

Further, the district court must articulate, in open court, the particular reasons behind its sentence, "set [ting] forth enough to satisfy the appellate court that [the district judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." Id. at 328 (quoting Rita v. United States, 551 U.S. 338 (2007)). A court's failure to satisfactorily articulate its individualized assessment constitutes reversible error. Id.

Although the district court is not required to "robotically tick through §3553(a)'s every subsection," it must "place on the record an

13

individualized assessment based on the particular facts of the case before it."
United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

If the sentence is free of significant procedural error, the appellate court
reviews the substantive reasonableness of the sentence. Lynn at 575; Pauley, 511
F.3d at 473. Sierputowski does not allege substantive error but rests his appeal
upon the district court's procedural errors.

Prior to a recitation of support for his position, Sierputowski initially notes
that his case should be reviewed under the harmless error analysis as opposed to
the plain error analysis.

An appellate court conducts a harmless error review of procedural error
claims as along as those claims are preserved.  Lynn, 592 F.3d at 576 As long as a
defendant "draw[s] arguments from §3553 for a sentence different than the one
ultimately imposed, an aggrieved party sufficiently alerts the district court of its
responsibility to render an individualized explanation addressing those arguments,
and thus preserves its claim." Id. at 577-78.

As in Lynn, Sierputowski argued a number of §3553 factors to support his
position that he should receive a sentence below the top of the Guidelines range. In
particular, Sierputowski noted that his individual conduct was directly related to
his addiction and his need to obtain treatment for such. As important, he noted that
he had previously served probation without incident and that he had never served a

14

significant jail sentence before, an argument premised upon asking for a sentence tailored below the maximum sentence to balance punishment, a deterrence affect and mercy. <u>See</u> 18 U.S.C. §3553(a)(1)-(2).

Sierputowski has preserved his claim for appeal.

At the sentencing hearing, the United States articulated its belief that a proper sentence would be one within the Guidelines range of 108 months to 120 months. {J.A. at 72} While noting that Sierputowski had a "substantial criminal history", the United States stated such was properly taken into account by the Guidelines, thus buttressing their belief that a sentence between 108 and 120 months was appropriate. {J.A. at 72}

Although the Government noted its concern as to Sierputowski's Criminal History Category II and its concern with his two recent arrests it agreed with defense counsel concerning the need for a sentence that took into account the fact that Sierputowski's violations resulted from a significant drug addiction and that his impending sentence would be his first true exposure to prison living. {J.A. at 72-74}

As such, the United States in noting that "some 3553(e) factors that. . . would probably go in [Sierputowski's] favor" were that, "he's ever spent a substantial amount of time in prison before. . . . [and] [h]e could benefit from many of the programs that would be offered. {J.A. at 73} The United States concluded

by stating that a sentence between 108 and 120 months "would provide adequate deterrence and promote a sense of respect for the law." {J.A. at 73}

Sierputowski's attorney agreed substantially with the United States, noting that his client's primary reason for being before the court was his addiction. {J.A. at 73-74} The attorney noted that Sierputowski had previously successfully completed treatment options when they were made available to him. {J.A. at 74}

Further, defense counsel noted that Sierputowski had never spent significant time incarcerated. Instead, Sierputowski "had spent some time in local facilities, pre-trial detention, [but] he's never been to the South Carolina Department of Corrections or the Federal Bureau of Prisons for any sentence." {J.A. at 75} Defense counsel also informed the Court that Sierputowski had previously served probation without any violations. {J.A. at 75}

Prior to pronouncing sentence the Court found that the statutory maximum for both counts one and four of the Superceding Indictment were 10 years imprisonment and a supervised release for a period not to exceed three years. {J.A. at 77} The Court found a total offense level of 30 and a criminal history of two, resulting in a Guidelines range of 108 to 135 months for both counts. {J.A. at 77}

16

In passing judgment the Court noted:

I've considered the factors set forth in Section 3553(a) to include those that have been referenced by both counsel, with particular attention given to the nature and circumstances of your offense, including your addiction, your substantial criminal history, but your lack of having to serve time of any consequence before. I've considered the need for the sentence imposed to reflect the seriousness of that offense, promote respect for the law, to provide punishment and to afford adequate deterrence. I've also considered your history and characteristics as outlined in the Presentence Investigation Report.

Having calculated and considered the advisory sentencing guidelines and having also considered the sentencing factors contained in 18 U.S.C. 3553(a), it is the judgment of the court that the defendant, Phillip Matthew Sierputowski, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 135 months. This term consists of 120 months as to count one and 15 months as to court four, to be served consecutively.

{J.A. at 78}

Key to a review of this case is the district court's language in the first paragraph cited. The wording used by the district court was primarily the rote recitation of the factors that a judge must necessarily comply with, namely a recitation of the §3553 factors.

The only individualized factors recited by the court were Sierputowski's addiction, his "significant criminal history", and his lack of having previously served time in a prison system. While those descriptions evidence that the court heard the arguments of the parties, it does not evidence an analysis of those statements as to how they affected Sierputowski's individualized assessment. In

other words, Sierputowski argues that the mere use of words relating to arguments

made by both sides does not evidence an individualized assessment. Instead the

district court should have explained in more detail how those factors actually

affected his sentence at least to the extent greater than it did and an extent

necessary for this Court to reasonably infer that the lower court made an

individualized assessment.

Sierputowski's addiction could be used to call for a lengthier sentence or an

abbreviated one. For example, the judge may believe that a lengthy sentence may

allow Sierputowski a longer period to undergo addiction treatment. Conversely, the

addiction could be used by the judge to explain that such criminal conduct was out

of character for Sierputowski, and that absent such addiction he should not serve a

significant term of imprisonment. Either reason may be reasonable and just. Yet

without an actual explanation Sierputowski and this Court are left to wonder what

impact his addiction had on the sentence.

Similarly, Sierputowski's lack of prior significant periods of incarceration

may suggest the need for a short term of imprisonment or a lengthy one. As to the

later, a judge could reasonably conclude that a significant prison term could have a

larger impact and deterrent affect for someone who has never served jail time

before. Alternatively, as argued by Sierputowski and the United States, one could

believe such a lack of imprisonment could lead a judge to conclude a shorter prison

sentence would have a significant impact on someone like Sierputowski as opposed to someone with a number of shorter prison stays seemingly having no deterrent affect.

Again, the judge may logically conclude either. It is the district court's failure to actually explain the connection and its rationale that renders the sentence procedurally defective.

Such error is not harmless.  This Court is faced with an unexplained Guidelines sentence where it cannot determine "why the district court deemed the sentence it imposed appropriate." Carter, 564 F.3d at 330.

Sierputowski respectfully asserts that lacking such insight, this Court should vacate the sentence and remand for further consideration.

## CONCLUSION STATING PRECISE RELIEF SOUGHT

Sierputowski respectfully requests this Court to vacate his sentence and to remand to the District Court for further proceedings.

## REQUEST FOR ORAL ARGUMENT

Appellant Sierputowski respectfully requests oral argument in the above-titled case.

## CERTIFICATION OF COMPLANCE

1. This brief has been prepared using Fourteen point, proportionally spaced, serif typeface utilizing Word for Mac 2011, Times New Roman, 14 point.

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, the brief containing: 16 pages.

I understand that a material misrepresentation can result in the Court's striking the

brief and imposing sanctions. If the Court so directs, I will provide an electronic

version of the brief and/or copy of the word or line print out.

May 28, 2014                                    S/ TODD HAGINS
Date                                            Signature of Filing Party

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2014, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required copies of this Brief of Appellant and further certify that I mailed this same date the required copies to opposing counsel.

S/ Todd Hagins

Todd Hagins
The Hagins Law Firm, LLC
701 Gervais Street, Suite 150-116
Columbia, SC 29201
803.200.1060
todd@haginslaw.com